972 F.2d 348
 1992 Copr.L.Dec. P 26,962
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PROJECTOR-RECORDER BELT CORPORATION, Plaintiff-Appellant,
v.
CONSOLIDATED ELECTRONICS, INC., Defendant-Appellee.
 No. 91-4102.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1992.
 
 Before MERRITT, Chief Circuit Judge, and KEITH and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Projector-Recorder Belt Corporation appeals the district court's judgment for defendant Consolidated Electronics in this suit alleging copyright infringement. Projector-Recorder contends that the district court, sitting without a jury, erred in finding that Consolidated Electronics' Servicemen's Belt Cross Reference Guide ("CE Guide") did not infringe Projector-Recorder's copyrights in two similar belt catalogs. Projector-Recorder also assigns as error the district court's decision not to admit a copy of the CE Guide allegedly copied information from Projector-Recorder's catalogs.
 
 
 2
 We review a district court's findings of fact for clear error. Fed.R.Civ.P. 52(a). A finding of fact is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Loudermill v. Cleveland Bd. of Educ., 844 F.2d 304, 308 (6th Cir.) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)), cert. denied, 488 U.S. 941 (1988). Our review of the district court's legal conclusions, however, is de novo. Id.
 
 
 3
 To establish a claim of copyright infringement of factual compilations, such as Projector-Recorder's two belt catalogs, a plaintiff must prove the following: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. ----, 113 L.Ed.2d 358, 379 (1991). Original elements of a factual compilation include the selection and arrangement of facts. Id. at 377. The facts themselves, however, are not protected by copyright and may be used by subsequent compilers, "so long as the competing work does not feature the same selection and arrangement." Id. at 371.
 
 
 4
 The district court concluded that Projector-Recorder held valid copyrights in its two catalogs and also that Consolidated Electronics had copied portions of those publications in preparing the CE Guide. The court further found that although Projector-Recorder's catalogs were nothing more than compilations of facts, the selection and arrangement of those facts were copyrightable. The court held, however, that Consolidated Electronics did not infringe Projector-Recorder's copyrights because although it copied some of the facts contained in Projector-Recorder's catalogs, it did not copy the only aspect of the catalogs that was protected by copyright, namely their selection and arrangement of facts.
 
 
 5
 The district court further held that it need not determine the admissibility of the proffered copy of the CE Guide with the marginal notations. These marginal notations allegedly indicated what entries in the CE Guide had been copied from Projector-Recorder's catalogs. As such, the court concluded that the notations would have proved, at most, that Consolidated Electronics copied the facts contained in Projector-Recorder's catalogs. As noted, however, the district court had already reached that conclusion on the basis of other evidence. The district court therefore held that the admission of this exhibit would not alter its findings of fact or conclusions of law and concluded that the issue of its admissibility was moot.
 
 
 6
 After carefully reviewing the record on appeal and considering the parties' arguments, we conclude that the district court did not err in these findings. We therefore AFFIRM the district court's judgment for the reasons stated in the district court's findings of fact and conclusions of law entered on October 9, 1991.